IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-5-FL

| | |
|---|---|
| MASCELINE PETITLUBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FAYETTEVILLE KIA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's motion for entry of default [D.E. 8]. For the reasons set forth below, the motion is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff correctly states that defendant has failed to file an answer or otherwise appear in this action in this court. The plaintiff has not, however, shown by affidavit or otherwise that defendant was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

In the complaint, plaintiff alleges that defendant Fayetteville Kia "is a North Carolina business entity." Compl. [D.E. 1] ¶ 5. The affidavit of service filed by the plaintiff states that the defendant was served by certified mail addressed as follows:

> Fayetteville Kia
> 2012 Skibo Road
> Fayetteville, NC 28314

Aff. of Service [DE-7]. This manner of service does not appear to comply with any of the possible requirements for service of process under either federal or North Carolina law. See Fed. R. Civ. P. 4(h) (providing inter alia, that a corporation, partnership, or other unincorporated association may be served by delivering a copy of the summons and the complaint to an officer or agent authorized by law to receive process or by following state law); N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)-(8) (providing the manner in which corporations, partnerships, or unincorporated associations may be served).

Notably, under North Carolina law, service upon either a corporation, partnership or unincorporated association by certified mail all requires the mail to be addressed to a specified individual, normally an officer, director, managing agent, or partner. Here, the service indicates that the summons and complaint were addressed only to "Fayetteville Kia." See Choice Hotels Int'l v. Amcee Enter., Inc., No. 5:13-CV-200-F, 2014 WL 3778932, at *2 (E.D.N.C. July 31, 2014) (determining that the plaintiff had failed to show proper service on a corporation where the summons and complaint were directed solely to the corporate defendant, without specifying any officer, director, or agent of the corporation). Additionally, proper service under North Carolina requires certified mail to be with "return receipt requested." There is no indication in the affidavit of service that the certified mail was "return receipt requested." On this record, the clerk cannot find that the plaintiff effected proper service.

2
Case 5:16-cv-00005-FL   Document 10   Filed 05/12/16   Page 2 of 3

Without being properly served, the defendant has no obligation to appear or file an answer in this action. Accordingly, the motion for entry of default [D.E. 8] is DENIED without prejudice to renew within 30 days. Any renewed motion for entry of default must be supported by evidence that the defendant was served with process under federal or North Carolina law.

SO ORDERED. This the 12th day of May, 2016.

_____
Julie Richards Johnston
Clerk of Court